**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOLEEN YOUNGERS, as personal
representative of the ESTATE OF
JASMINE WILLIAMS; TONYA
PETRIDES; and TONYA PETRIDES as
next friend of M.R.,

    Plaintiffs,

vs.                                                                                                  1:25-cv-00012-SCY-JFR

CORECIVIC, INC.; CORECIVIC, LLC; CORECIVIC
OF TENNESSEE, LLC; NATALIE GRINE, in her
individual and official capacity as Cibola County's
records custodian; ANNA MARIE LOPEZ, in her
individual and official capacity as Cibola County
Sheriff's Office's records custodian; JACOB LEE, in
his individual and official capacity as records custodian
of the Cibola County, Cibola County Correctional
Center, CoreCivic LLC, CoreCivic of Tennessee, LLC,
CoreCivic, Inc.; and STRUCK LOVE BOJANOWSKI
& ACEDO PLC,

    Defendants.

## MOTION FOR REMAND

Plaintiffs Joleen Youngers, as personal representative of the Estate of Jasmine Williams; Tonya Petrides; and Tonya Petrides as next friend of M.R., through their counsel, Ives & Flores, PA ("Plaintiffs"), hereby move to remand this case. *See* 28 U.S.C. § § 1447(c). Pursuant to D.N.M.LR-7.1(a), Plaintiffs sought concurrence for this motion from Defendants CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC, Struck Love Bojanowski & Acedo PLC, and Jacob Lee ("Removing Defendants"), and from Defendants Natalie Grine and Anna Marie Lopez. The Removing Defendants oppose the motion. Defendants Grine and Lopez did not respond.

## PROCEDURAL BACKGROUND

Plaintiffs filed their complaint in the State of New Mexico, County of Santa Fe, First Judicial District, Case No. D-101-CV-2020-02549, on November 12, 2024. *See* Notice of Removal ¶ 1, at 2; Notice of Removal's Ex. A at 2 (Doc. 1–1) ("Complaint for Wrongful Death, Spoliation of Evidence, and IPRA Violations").

Defendants CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC received by service copies of the summons and complaint on November 26, 2024. *See* Notice of Removal ¶ 2, at 2, filed January 6, 2025 (Doc. 1); Notice of Removal's Ex. A at 31 (certificate of service), 35–36, 40–41, 46–47 (summons returns), 38, 44, 50 (certified mail receipts), filed January 6, 2025 (Doc. 1–1).

Defendants Struck Love Bojanowski & Acedo PLC and Jacob Lee ("SLBA Defendants") received by service copies of the summons and complaint on December 2, 2024. *See* Notice of Removal ¶ 2, at 2; Notice of Removal's Ex. A at 66, 71 (certified mail receipts), 67–68 (summons returns) (Doc. 1–1).

The Removing Defendants filed and served their Notice of Removal on January 6, 2025. *See* Notice of Removal at 7–8. The Removing Defendants asserted removal was proper pursuant to the federal officer removal statute, 28 U.S.C. Section 1442(a)(1). *See* Notice of Removal ¶ 25, at 6.

## LEGAL STANDARD

A defendant must file a notice of removal within 30 days of receiving a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). If the initial pleading does not state a removable case, then a defendant must file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

There is a presumption against removal jurisdiction. *See Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). But Section 1442's federal officer removal statute should be "liberally construed." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1251 (10th Cir. 2022) (quotation and citation omitted). The removing party bears the burden to establish federal court jurisdiction by a preponderance of the evidence. *See Darr v. New Mexico Dep't of Game & Fish*, 403 F. Supp. 3d 967, 994 (D.N.M. 2019).

"Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1249 (D.N.M. 2014) (Browning, J.) (citation omitted). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c). Courts ordering remand may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Whether to award such costs and expenses depends on removal's reasonableness. *See Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011). A court may award such fees as a matter of fairness, even when the remover did not act in bad faith. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) ("The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c).").

In the United States Court of Appeals for the Tenth Circuit, "a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article

3

III scrutiny." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000). A magistrate judge may recommend remanding "so long as the ultimate decision is made by the district court." *Id.* (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988)) .

## **ARGUMENT**

The Court should remand this case, because the Notice of Removal is untimely: the Removing Defendants did not file their Notice of Removal within 30 days of receiving the complaint, as Section 1446(b)(1) requires. The Court should award Plaintiffs their attorneys' fees and other expenses incurred in seeking remand, pursuant to Section 1447(c), because the Removing Defendants' decision to file an untimely Notice of Removal was objectively unreasonable.

### I.  THE COURT SHOULD REMAND THIS CASE, BECAUSE THE NOTICE OF REMOVAL IS UNTIMELY.

The CoreCivic Defendants took 41 days to file the Notice of Removal. Because they were served with the initial pleading on November 26, 2024, their 30-day removal window closed after December 26, 2024. *See* § 1446(b)(1). They filed the Notice of Removal on January 6, 2025 – 11 days late.

The SLBA Defendants took 35 days to file the Notice of Removal. Because they were served on December 2, 2024, their removal window closed after Monday, January 2, 2025. *See* 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C). By filing the Notice of Removal on January 6, 2025, the SLBA Defendants are 4 days late.[1]

---

[1] Even if the Notice of Removal had been timely as to the SBLA Defendants, it would still be deficient: the Removing Defendants do not attempt to invoke a right to remove as federal officers under Section 1442(a)(1) on behalf of the SBLA Defendants. Although the Notice of Removal asserts that the complaint's allegations against the *CoreCivic Defendants* "relat[e] to acts performed under color of federal office within the meaning of 28 U.S.C. § 1442(a)(1)," Notice of Removal ¶ 18, at 5, the Removing Defendants make no such assertions about the SBLA Defendants' alleged conduct, *see generally* Notice of Removal ¶¶ 1–27, at 1–6.

4

The Removing Defendants' failure to comply with Section 1446's 30-day filing requirement justifies remanding this action back to state court. Statutory procedures for effecting removal "must be followed." *Aguayo*, 59 F. Supp. 3d at 1249. Failing to comply with Section 1446's "express statutory requirements . . . render[s] the removal 'defective' and justif[ies] a remand." *Huffman*, 194 F.3d at 1077 (citation omitted). Courts regularly remand cases because of untimely notices of removal. *See*, *e.g.*, *Garrett v. Cook*, 652 F.3d 1249, 1257 (10th Cir. 2011) (affirming the district court's remand for an untimely notice of removal); *Rosado v. Bank of Am., NA*, 2024 WL 1795682, at *1 (S.D. Ga. Apr. 25, 2024) ("HUD's notice of removal [under Section 1442(a)(1)] was untimely, and this case shall be remanded[.]"), *vacated in part on other grounds*, 2024 WL 2943775 (S.D. Ga. June 11, 2024); *Crouch v. Roberts Enterprises Invs., Inc.*, 2021 WL 371517, at *1–2 (D.N.M. Feb. 3, 2021) (Vidmar, M.J.); *Moreno v. Gandhi*, 2020 WL 2745461, at *2 (D.N.M. May 27, 2020) (Riggs, J.); *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1017 (D.N.M. 2016) (Browning, J.); *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325, 334–35 (D. Conn. 2008) ("Buffalo Pumps properly removed this case under 28 U.S.C. § 1442(a)(1), but failed to do so according to the timeliness provisions of § 1446(b). Accordingly, Plaintiff's Motion to Remand . . . is granted."); *Pohl v. Junick*, 2006 WL 8443829, at *2–4 (D.N.M. Aug. 17, 2006) (Brack, J). The Court should remand this case as well.

## II.  THE COURT SHOULD AWARD PLAINTIFFS' EXPENSES, BECAUSE THE REMOVAL WAS OBJECTIVELY UNREASONABLE.

The Court should award Plaintiffs their attorneys' fees, costs, and other expenses incurred as a result of the Removing Defendants' untimely removal. Section 1447(c) permits courts to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when ordering remand. § 1447(c). Such awards are appropriate when the decision to

remove was objectively unreasonable. *See Garrett*, 652 F.3d at 1254. Section 1447(c) awards do not require that the remover acted in bad faith. *See Excell*, 106 F.3d at 322.

The Removing Defendants' decision to remove was objectively unreasonable. The untimeliness was obvious: Section 1446(b) plainly states that a defendant has 30 days from receipt of the complaint to file a notice of removal; the Removing Defendants plainly missed that deadline but filed their notice anyway. As a result, Plaintiffs have incurred costs and expenses, including attorneys' fees in drafting this motion. The untimely removal also has the effect of stalling Plaintiffs' prosecution of their complaint, including by delaying the Removing Defendants' obligations to respond to Plaintiffs' pending discovery requests.

Courts regularly award Section 1447(c) fees and costs when remanding untimely removals. *See*, *e.g.*, *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297–98 (5th Cir. 2017); *Garrett v. Cook*, 652 F.3d 1249, 1257 (10th Cir. 2011); *Colorado Bankers Life Ins. Co. v. AT Denmark Invs., ApS*, 526 F. Supp. 3d 118, 129 (E.D.N.C. 2021); *Yazdani v. Access ATM*, 457 F. Supp. 2d 36, 38 (D.D.C. 2006); *Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, 324 F. Supp. 2d 15, 19 (D. Me. 2004); *Liebig v. DeJoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) (awarding Section 1446(b) costs and fees for an untimely removal even though the removing party acted in good faith, given that "the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals"); *Campos v. Housland, Inc.*, 824 F. Supp. 100, 103 (S.D. Tex. 1993); *Knudsen v. Samuels*, 715 F. Supp. 1505, 1507 (D. Kan. 1989); *Eyal Lior v. Sit*, 913 F. Supp. 868, 878 (D.N.J. 1996). The Court should award Plaintiffs their fees, costs, and other expenses arising from the Removing Defendants' objectively unreasonable removal.

## **CONCLUSION**

For the reasons argued herein, the Court should remand this case and award Plaintiffs their fees, costs, and other expenses pursuant to 28 U.S.C. Section 1447(c).

Respectfully submitted,

IVES & FLORES, PA

 */s/ Henry A. Jones*
Laura Schauer Ives
Adam C. Flores
Alyssa Quijano
Henry A. Jones
925 Luna Cir. NW
Albuquerque, NM  87102
(505) 364-3858
laura@nmcivilrights.com
adam@nmcivilrights.com
alyssa.q@nmcivilrights.com
henry@nmcivilrights.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on February 4, 2025, a copy of the foregoing motion was served by email to:

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck
Kristina R. Rood
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
krood@strucklove.com

KENNEDY, MOULTON & WELLS, P.C.
Deborah D. Wells
Debra J. Moulton
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc, CoreCivic, LLC, CoreCivic of Tennessee, LLC, Struck Love Bojanowski & Acedo, PLC, and Jacob Lee*

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck
Kristina R. Rood
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
krood@strucklove.com

*Attorneys for Defendant Natalie Grine*

David M. Pato
Nance, Pato & Stout, LLC
P.O. Box 826
Magdalena, NM 87825
dave@npslawfirm.com

*Attorneys for Defendant Anna Marie Lopez*

 */s/ Henry A. Jones*
Henry A. Jones