IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLEEN YOUNGERS, et al.

    Plaintiffs,

v.                                                                                      No. 1:25-cv-00012-SMD-JFR

CORECIVIC, INC, et al.

    Defendants.

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff Joleen Younger, as personal representative of the Estate of Jasmine Williams, and Tonya Petrides' as next of friend of M.R. (collectively "Plaintiffs") Motion for Remand. Doc. 10 ("Pls.' Mot. for Remand"). Upon due consideration of the Parties' submissions, *see id.*, Doc. 15 ("Defs.' Resp."), Doc. 17 ("Pls.' Reply"), the record, and the relevant law the Court will **GRANT** the Plaintiffs' Motion and **REMAND** the case in its entirety to state court.

### BACKGROUND

Plaintiffs initiated this suit in the State of New Mexico, County of Santa Fe, First Judicial District Court. Doc. 1-1 at 1; Pls.' Mot. for Remand at 2. On November 26, 2024, Defendants CoreCivic, Inc., CoreCivic, LLC, and CoreCivic of Tennessee ("CoreCivic Defendants") received by service copies of the summons and complaint. Doc. 1 ("Notice of Removal") ¶ 2; Pls.' Mot. for Remand at 2. On December 2, 2024, Defendants Struck Love Bojanowski & Acedo PLC and Jacob Lee ("SLBA Defendants") received by service copies of the summons and complaint. Doc. 1-3 at 4; Pls.' Mot. for Remand at 2. On December 4, 2024, Defendant Nina Grine received by mail service a copy of the summons and complaint. Doc. 1-3 at 4; Pls.' Mot. for Remand at 2. On January 6, 2025, the SLBA and CoreCivic Defendants ("Removing Defendants") removed the case

1

in its entirety under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. *See* Notice of Removal at 1. Defendant Grine did not initially join the removal motion, but later, on January 22, 2025, consented to and joined the notice of removal. Doc. 9 at 1. Plaintiffs had originally named fourteen additional defendants, who were employees of Defendant CoreCivic, in the complaint, but never served them. Doc. 1-3 at 4–5; Pls.' Reply at 7. After Defendants filed their notice of removal, Plaintiffs voluntarily dismissed the unserved defendants. *See* Doc. 5. Plaintiffs filed a motion to remand on February 4, 2025, opposing the January 6th removal as untimely. Pls.' Mot. for Remand at 1.

## LEGAL STANDARD

Under § 1442, a federal officer may "independently move to remove a case to federal court" without the consent of other defendants. *Akin v. Ashland*, 156 F.3d 1030, 1034 (10th Cir. 1998) (citing 28 U.S.C § 1442); *cf. Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960) ("The 'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981). Unlike other forms of removal, § 1442 is "liberally construed to give full effect to [its] purpose." *Bd. of Cnty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022); *cf. Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." (citation omitted)).

"Federal courts have subject-matter jurisdiction over claims that are properly removed under § 1442(a)(1)." *Lopez v. Cantex Health Care Ctrs. II, LLC*, Case No. 1:23-cv-765 KWR/KK, 2023 WL 9425460, at *8 (D.N.M. Dec. 28, 2023). The removing officer must file the notice of removal within thirty days of receiving, through service, the plaintiff's initial pleading in state

court. *See* 28 U.S.C. § 1446(g) (explaining that the 30-day requirement of § 1446(b) applies to § 1442(a) removal); *see also New Hampshire v. 3M Co.*, 132 F.4th 556, 561 (1st. Cir. 2025) (applying § 1446(b)'s 30-day window to § 1442 removal); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (same). "The right to remove a case to federal court is determined from allegations set forth in the initial pleading, 'or other paper from which it may first be ascertained that the case is one which is or has become removable[.]'" *Akin*, 156 F.3d at 1032 (quoting 28 U.S.C § 1446(b)).  If the basis for federal officer removal is not apparent from the face of the complaint, the start of the thirty-day clock may be delayed until the defendant receives "clear and unequivocal notice" of the defendants' right to federal officer removal. *Id.* at 1036.  Following removal, the plaintiff has thirty days to file a motion for remand if they assert a defect other than a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025).  Failure to adhere to the thirty-day deadline constitutes a procedural, rather than jurisdictional, defect. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972).

      Because the Court finds Defendants' removal to be defective on procedural grounds, it will assume without deciding that the Removing Defendants are "federal officers" for purposes of § 1442.  Though the Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable" based on a plaintiff's pleadings, *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016), Defendants do not contend that Plaintiff's initial complaint provided inadequate notice of the grounds for § 1442 removal. *See* Notice of Removal.  Indeed, in their notice, Defendants assert that federal officer removal is appropriate because Plaintiffs' claims against the CoreCivic Defendants "are claims for or relating to acts performed under color of federal office." Notice of Removal ¶ 18; *cf. 3M Co.*, 132 F.4th at 561 ("Here, the parties seem to agree that the complaint in this suit did not, on its own, state a case that 3M could have easily

3

identified as removable."). Since there is no dispute over when the Removing Defendants were informed of the basis for federal officer removal, the only remaining question is whether the Removing Defendants correctly calculated the deadline for doing so.

## DISCUSSION

I.   The Parties' Arguments

The Parties dispute the deadline for Defendants' removal. *Compare* Pls.' Mot. for Remand at 4 (arguing for remand "because the Notice of Removal is untimely), *with* Defs.' Resp. at 2 (rebutting that Plaintiffs "miscalculate the removal deadline"). Plaintiffs maintain that to correctly calculate the removal deadline, thirty days are added to the day a defendant received service. Pls.' Mot. for Remand at 2. Under Plaintiffs' method, the CoreCivic Defendants' deadline was December 26, 2024, and the SBLA Defendants' deadline was January 2, 2025. Pls.' Mot. for Remand at 4. Defendants respond that § 1442 does not provide a method for computing time and, as a result, their deadline is extended under Federal Rules of Civil Procedure 6(a) and 6(d). Rule 6(a) "sets forth rules which are applicable in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). For instance, Rule 6(a) provides that if a due date falls on a weekend or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). In addition to Rule 6(a), Defendants argue that Rule 6(d) entitles them to a three-day extension because Plaintiffs served the summons and complaint via mail. Defs.' Resp. at 9, 12. Rule 6(d) provides a three-day buffer period where a filing must be made "within a specified time after being served" and service is conducted through postal delivery. Fed. R. Civ. P. 6(d). The Removing Defendants thus calculate the SBLA Defendants and Defendant Grines' deadline for removal as January 6, 2025. Defs.' Resp. at 9, 12. Defendants

concede that removal deadline for the CoreCivic Defendants "had passed by the time the Notice of Removal was filed." *Id.* at 10.

II.  Removal was Untimely for All Defendants.

   a.  Rule 6(a) applies to the calculation of Defendants' deadline for removal.

The Court finds that the time-computing methods set forth in Rule 6(a) apply to deadlines for removal. *See Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (concluding that Rule 6(a) applies to computations of time for purposes of § 1446(b)); *Froehlich v. CACH, LLC*, 289 F.R.D. 454, 456 (S.D. Ohio 2013) ("[Rule 6] applies to 28 U.S.C. §§ 1441 and 1446—the statutes governing the procedure for removal of civil actions); *Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 552, 560 (D.N.J. 1998) (applying Rule 6(a) principles for computation of time to § 1446 removal); *Naverrette v. Hidalgo-Mendoza*, Civil Action No. 20-cv-01910-CMA-STV, 2021 WL 838269, at *2 (D. Colo. Mar. 5, 2021) (same); *Pursley v. Lawrence*, Civil Action No. 21-1776, 2021 WL 5231871, at *5 (E.D. La. Nov. 10, 2021) (same). The Court will therefore move the Defendants' deadline for removal to next the day that is not a Saturday, Sunday, or legal holiday where it fell on a weekend or legal holiday. *See generally* Fed. R. Civ. P. 6(a)(1)(c).

   b.  Rule 6(d) does not apply to the calculation of Defendants' deadline for removal.

The Court does not, however, find the Removing Defendants' argument that Rule 6(d) applies to be persuasive. Rule 6(d) extends a deadline where its timeliness hinges on the date of service. *See* Fed. R. Civ. P. 6(d). Removal, however, is not triggered by service; it is triggered by receipt. The Supreme Court has affirmed that the precipitating event for § 1446(b)'s 30-day window is "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*,

526 U.S. 344, 348 (1999). There is no reason to import Rule 6(d)'s logic into the deadline for removal, even where service occurs through mail, because the beginning of the removal period only begins once the defendant has actually received the complaint and summons. As one court explained, "the purpose behind Rule 6(e) [now Rule 6(d)]—accounting for the time required for delivery of the mail—is not implicated by § 1446(b)." *Daniel v. United Wis. Life Ins. Co.*, 84 F. Supp. 2d 1353, 1356 (M.D. Ala. 2000). A defendant's removal period is in no way shortened when service is completed through mail since their removal clock does not start running until the properly served complaint and summons are in their possession. *L & O P'ship No. 2 v. Aetna Cas. & Sur. Co.*, 761 F. Supp. 549, 550 (N.D. Ill. 1991) ("[T]he thirty-day period begins to run when the initial pleading is actually received by the defendant."); *Champagne v. Cenlar FSB*, Civil Action No. 1:19-CV-20, 2019 WL 2519375, at *6 (E.D. Tex. June 18, 2019) ("In this case, however, § 1446(b)'s 30-day period begins upon *receipt*, eliminating any danger of lag or risk of failure caused by mail service for which Rule 6(d) accounts." (internal citation and marks omitted)). The Court sees no occasion to depart from the prevailing understanding that Rule 6(d) is inapplicable to § 1446(b)'s deadline. *Mitchell v. Kentucky-Am. Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997) ("The Court finds it illogical to apply Fed. R. Civ. P. 6(e), allowing for a three-day grace period to accommodate "mail time", to the removal statute which states that the time-clock does not start ticking until after "mail time" has run, i.e., after the defendant receives service."). The Removing Defendants therefore do not enjoy an additional three days in calculating their deadline for removal. *Zambrano v. N.M. Corrs. Dep't*, 256 F. Supp. 3d 1179, 1183 n.1 (D.N.M. 2017) (declining to "enlarge the thirty-day removal period in 28 U.S.C. § 1446(b) based on Rule 6(d)"); *Martinez v. Draim*, Case No. 18-cv-1098-JAP-KBM, 2018 WL 6788519, at *2 (D.N.M. Dec. 26, 2018) (same).

The Court also rejects Defendants' contention that Plaintiffs engaged in "gamesmanship" by voluntarily dismissing unnamed and unserved CoreCivic employees following Defendants' removal to federal court. Defs.' Resp. at 10. Specifically, Defendants contend that these defendants were removed "to prevent any of them from attempting removal on the same basis as CoreCivic after they were served." *Id.* Defendants in the same breath assert that "Plaintiff can only recover from CoreCivic on their claims related to Decedent's death, as double recovery from both CoreCivic and its employees is not permitted." *Id.* at 11 n.15. It is difficult for the Court to view Plaintiffs' actions as "gamesmanship" given that the Removing Defendants' proposed alternative would encourage Plaintiffs to retain improper parties just to prolong Defendants' window for removal. More to the point, Defendants filed for removal *before* the unnamed employees were dismissed. Plaintiffs' dismissal of the unnamed employees had no bearing on Defendants' decision of when to remove. Though the Court could not find a case addressing this exact factual scenario, the reasoning of *Benesmart, Inc. v. Total Fin. Grp.*, Civil Action No. 12-2645, 2012 WL 6020340 (E.D. La. Dec. 3, 2012) is persuasive. There, the defendants argued that the plaintiffs dismissed parties following removal to prevent timely removal under the "last-served" defendant rule. *See* 28 U.S.C. § 1446(b)(C). The court rejected this argument:

> [W]hile it is certain that Plaintiff's voluntary dismissal of the state court defendants interfered with the ability of those dismissed defendants to remove this suit to federal court, Defendants have not provided the Court with any evidence that prior to the expiration of their own individual thirty-day time periods, the Plaintiff took actions to prevent them from removing the suit. Each Defendant that currently remains in this suit could have easily removed the suit prior to the thirty-day deadline. Aside from one small reference to the fact that Defendants were researching removal, the named Defendants have not indicated why they sat on their rights and merely waited for the later-served state court defendants to remove. … Essentially, Defendants' explanation does not show the Court what cause necessitated the Defendants' reliance on the later-served state court defendants in the first place.

*Id.* at *5. Defendants' attempt to shift the blame to Plaintiffs is similarly dubious in this case.

7

Defendants have presented no evidence that Plaintiffs misled them as to their deadline for removal nor interfered with their ability to meet that deadline. Defendants cannot cure their own alleged tardiness by relying on the removal timeline of unnamed, unserved, purportedly *improper* parties. The Court therefore declines to label Plaintiffs' voluntary dismissal of the CoreCivic employees as "gamesmanship."

      c. Notice of Removal Was Untimely for All Defendants.

Applying only Rule 6(a), the Court will now calculate the removal deadline for each of the Removing Defendants based on the date of receipt. Although § 1442 removal motions are to be construed "broadly," that principle is not "limitless." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007). Section 1442's liberal construction "can find limits in a text's language, context, history, and purposes." *Id.* Because § 1446(b) unequivocally sets a thirty-day window for removal, there is no language for the Court to "construe." *Cf. United States v. Floyd*, 992 F.2d 498, 502 (5th Cir. 1993) ("[T]his command for liberal construction does not authorize us to amend by interpretation."). Accordingly, Defendants must have filed their motion for removal within 30 days of receipt for removal to be proper under § 1442. *Decatur*, 854 F.3d at 297 (affirming district court's remand following § 1442 removal where defendant "filed its notice of removal more than 30 days after [received service of the petition]"); *3M Co.*, 132 F.4th at 563 (affirming remand of case removed under § 1442 for untimeliness); *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 3d 325, 334–35 (D. Conn. 2008) (remanding case removed under § 1442 where defendant "failed to do so according to the timeliness provisions of § 1446(b)"); *Collora v. R.J. Reynolds Tobacco Co.*, 428 F. Supp. 2d 1018, 1022 (E.D. Mo. 2006) (same); *Gonzalez v. El Centro Del Barrio*, Civil Action No. SA-24-CV-00852-OLG, 2025 WL 542249, at *5 (W.D. Tex. Feb. 6, 2025) (same).

      i.      Defendant Lee's Notice of Removal Was Untimely.

Defendant Lee was served on December 2, 2024 "when he received a copy of the Summons and Complaint by certified mail." Defs.' Resp. at 9; *see also* Doc. 1-1 at 66; Pls.' Reply at 2. Thirty days after December 2, 2024, was Wednesday, January 1, 2025. Because this date is a legal holiday, Fed. R. Civ. P. 6(a)(6)(A) (stating that legal holiday includes "New Year's Day"), the deadline shifts forward to Thursday, January 2, 2025.

      ii.      Defendant CoreCivic's Notice of Removal Was Untimely.

Defendants concede that the CoreCivic's deadline for removal had passed, but the Court will nonetheless calculate it for completeness. The CoreCivic Defendants received service of the summons and complaint on November 26, 2024. Notice of Removal ¶ 2; Pls.' Reply at 2. Thirty days after November 26, 2024 was Thursday, December 26, 2024. This date is neither a weekend nor a legal holiday; the CoreCivic Defendants' deadline for removal was December 26, 2024.

      iii.      Defendant Grine's Notice of Removal Was Untimely.

Defendant Grine received service of the summons and complaint on December 4, 2024. Doc. 1-1 at 61; Defs.' Resp. at 12; Pls.' Reply at 2. Thirty days after December 4, 2024 was Friday, January 3, 2025. Because this date is neither a weekend nor a legal holiday, Defendant Grine's deadline for removal was January 3, 2025.

The Court concludes that, based on the above calculations, none of the Defendants timely filed a notice of removal. Plaintiff's motion for remand is accordingly granted.

III.    The Court Denies Plaintiffs' Demand for Attorneys' Fees and Costs.

Plaintiffs also request that the Court award them "attorneys' fees, costs, and other expenses incurred as a result of the Removing Defendants' untimely removal." Pls.' Mot. for Remand at 5. Following remand, § 1447(c) grants courts the discretion to award "just costs and any actual

9

expenses" if removal was "objectively unreasonable." *Garrett v. Cook*, 652 F.3d 1249, 1257 (10th Cir. 2011). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that no such "unusual circumstances" exist here. Although Defendants notice of removal was untimely, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (holding that "untimely removal is precisely the type of removal defect contemplated by § 1447(c)"), it was not "objectively unreasonable." The Removing Defendants were late by a matter of days, not months or years, and their response articulates a rational explanation for why they believed an extra three days was warranted in calculating the removal deadline. *Cf. Aurora Loan Servs., L.L.C. v. Milasinovich*, No. 1:14-CV-575 MCA/KK, 2015 WL 11111303, at *7 (D.N.M. Feb. 17, 2015) (finding defendant "lacked an objectively reasonable basis for removal" where notice was "filed more than four years after the commencement of litigation"); *Garrett v. Trenchless Infrastructure Techs.*, No. 10-CV-71 BB/ACT, 2010 WL 11530583, at *3 (D.N.M. Aug. 11, 2010) (finding defendant had no objectively reasonable grounds for removal where the "decision to remove [came] years late and appear[ed] to have been spurred by a desire to avoid an adverse state-court ruling"). In the absence of "unusual circumstances" justifying the award of attorneys' fees, the Court denies Plaintiffs' request for attorneys' fees.

## CONCLUSION

The Court therefore **GRANTS** Plaintiffs' motion for remand and orders the case to be remanded in its entirety to the court from which it was removed.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**